**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-80421-BLOOM**

CYNTHIA GREEN-ANDERSON,

    Petitioner,

v.

FLORIDA ATTORNEY GENERAL, et al.,

    Respondents.

_____/

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**THIS CAUSE** is before the Court upon the *pro se* Petitioner's "Motion for Appointment of Counsel for Appeal Proceedings," ECF No. [24]. This Court previously issued an Order, ECF No. [17], denying Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. [7]. The Court granted Petitioner's leave to appeal *in forma pauperis*, ECF No. [23], and that appeal remains pending.

There is no constitutional right to assistance of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, under 18 U.S.C. § 3006A(a)(2), a federal court may provide counsel to a habeas petitioner if "the interests of justice so require." *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994). "Federal courts generally endorse the appointment of counsel in the following cases: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts in framing or trying the claims; (5) cases in which 'the indigent is in no position to investigate crucial facts' and (6) factually complex cases." *See O'Brien v. Jones*, 1:16cv382/WTH/CJK, 2017 WL

Case No. 19-cv-80421-BLOOM

11507812, *1 (N.D. Fla. Sept. 18, 2017) (citing James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (5th ed. 2005)).

As support of her Motion, Petitioner claims that she is unable to represent herself because she is an unskilled "layman of the law[,] lacking the education and advocacy skills needed" to present her appeal. ECF No. [24] at 1. She also claims she only has limited access to the prison law library as a result of the ongoing COVID-19 global pandemic. *Id*. at 2.

Petitioner's reasons for requesting the appointment of counsel are insufficient. She does not plead any facts to suggest that her case is especially factually or legally complex, or that she is mentally or physically impaired. Petitioner's general claims that she is unskilled layperson with restricted access to the law library simply do not warrant the appointment of counsel. Petitioner was able to litigate her habeas claims in this case, and she should be able to continue to do so on appeal. Accordingly, the interests of justice do not require the appointment of counsel in this matter. 18 U.S.C. § 3006A(a)(2). Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion for Appointment of Counsel for Appeal Proceedings [ECF No. 24] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  Cynthia Green-Anderson
     W43169
     Hernando Correctional Institution
     Inmate Mail/Parcels
     16415 Spring Hill Drive
     Brooksville, FL 34604

Case No. 19-cv-80421-BLOOM

Melanie Dale Surber
Attorney General Office
1515 N Flagler Drive
9th Floor
West Palm Beach, FL 33401-3432
561-837-5000
Fax: 837-5099
Email: crimappwpb@myfloridalegal.com